UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**JAZER DIAZ,**

   Plaintiff,

v.                                                    No. 4:25-cv-01054-P

**CELLCO PARTNERSHIP,**

   Defendant.

### MEMORANDUM OPINION & ORDER

   Before the Court is Defendant's Rule 12(B)(6) Motion to Dismiss. ECF No. 10. The Court hereby **ORDERS** that the Motion is **DENIED IN PART** and **GRANTED IN PART**. The Motion is denied as to the claims for (1) sexual harassment and retaliation in violation of Title VII and (2) retaliation and constructive discharge in violation of Chapter 21 of the Texas Labor Code and (3) any remaining claims. The Motion is **GRANTED** as to the claim for negligent hiring, supervision, training, and retention under Texas common law.

### FACTUAL & PROCEDURAL BACKGROUND

   Plaintiff Jazer Diaz was employed by Defendant Cellco Partnership d/b/a Verizon Wireless from June 2022 until July 10, 2024, serving in a variety of roles over that time, including as an assistant manager in Southlake, Texas. In April 2024, Defendant transferred Rudolfo "Rudy" Rodriguez Martin to serve as a sales representative in Plaintiff's store. Rodriguez carried a documented history of sexual misconduct at a different store while employed by Defendant.

   Plaintiff asserts Rodgriguez made sexually inappropriate comments and physical advances towards Plaintiff. Plaintiff formally reported the conduct to Human Resources and told the General Manager and District Manager about his employer and the situation. Plaintiff asserts that the conduct continued and that his request to transfer stores or take a leave of absence was denied. Plaintiff ultimately resigned on July 10, 2024,

due to the hostile work environment and Defendant's alleged failures to take action.

These facts led to the current lawsuit, which Defendant removed to this court from state court on September 29, 2025. ECF No. 1. Defendant moved to dismiss on October 22, 2025. ECF No. 10. The Motion is now ripe for review.

## LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move to dismiss an action if the plaintiff fails to state a claim upon which relief can be granted. *See* FED. R. CIV. P 12(b)(6). In evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986)). "Further, all questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Id.* (cleaned up).

However, courts are not bound to accept legal conclusions couched as factual allegations as true. *See In re Ondova Ltd.*, 914 F.3d 990, 993 (5th Cir. 2019) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The well-pleaded facts must permit the court to infer more than the mere possibility of misconduct. *See Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). That is, the complaint must allege enough facts to move the claim across the line from conceivable to plausible. *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether the plausibility standard has been met is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 663–64).

## ANALYSIS

### A. Chapter 21 of the Texas Labor Code Preempts Plaintiff's Negligent Hiring, Supervision, Training, and Retention Claim.

The Texas Commission on Human Rights ("TCHRA"), codified in Chapter 21 of the Texas Labor Code, "abrogates a plaintiff-employee's common law claims against an employer to the extent that the claims are based on the same course of conduct as discrimination or retaliation claims against that employer." *See Butler v. Collins*, 714 S.W.3d 562, 568 (Tex. 2025). In short, because these claims are based on the same source of conduct, the Texas statutory code preempts the common law claim of negligent hiring, supervision, training, and retention.

1. The same factual basis underlies both claims.

The second and third claims alleged in Plaintiff's amended complaint cover the same factual conduct allegedly committed by Defendant. In his second claim under Chapter 21, Plaintiff alleges that Defendant retaliated against Plaintiff's reports of sexual harassment and assault in various ways including: denying a transfer request, keeping Rodriguez at the same location, permitting slander against Plaintiff in the workforce, denying adequately requested medical leave for Plaintiff, and threatening Plaintiff with termination for failing to return to work. ECF No. 6 at 4. Plaintiff claims this led to "intolerable working conditions." ECF No. 6 at 4. In his third claim under common law, Plaintiff alleges that Defendant breached its duties to "provide a safe workplace, and to hire, supervise, train, and retain competent employees" but breached that duty by "allowing Mr. Rodriguez to [continue] to work at the store" following the reports of sexual harassment. ECF No. 6 at 5. So the same conduct is at issue: alleged sexual harassment, retaliation and maintaining Rodriguez at Plaintiff's store—all leading to constructive discharge.

Because both claims concern Defendant's decision to keep Rodriguez at the store following the sexual harassment claims in violation of Plaintiff's rights, Chapter 21 preempts the common law claims. *See, e.g., Howe v. Yellowbrook USA*, 840 F. Supp. 2d 970, 980 (N.D. Tex. 2011) ("[Plaintiff's] negligent supervision and retention claims rely on the same allegations … and are thus barred [by the TCHRA]."); *see also Utts v. Bristol-Myers Squibb Co.*, 251 F. Supp. 3d 644, 672 (S.D.N.Y. 2017), *aff'd sub nom. Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699 (2d Cir. 2019) (It is "well-established that preemption may be analyzed and

3

decided at the motion to dismiss stage."); *accord Reddick v. Medtronic, Inc.*, 2022 WL 715494 (5th Cir. 2022). Indeed, the Texas Supreme Court dismissed the same common law claim against an employer for "unwanted sexual touching by a coworker … [because liability] is limited to a tailored TCHRA scheme that specifically covers employer liability for sexual harassment." *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 803 (Tex. 2010). The Texas Supreme Court said "[w]e do not believe the Legislature's comprehensive remedial scheme allows aggrieved employees to proceed on dual tracks—one statutory and one common-law, with inconsistent procedures, standards, elements, defenses, and remedies." *Id.* at 799. Indeed, "an employer's supervision and retention duties are embedded in the broader TCHRA inquiry, which hinges liability in part on whether the employer takes prompt remedial action …." *Id.*

Plaintiff argues that *Waffle House* preemption applies only when the "complained-of negligence is *entwined with* the complained-of harassment." *Id.* at 799 (emphasis added). So the facts underlying employer negligence must be inseparable from the underlying harassment. In short, Plaintiff argues preemption does not apply because the employer's negligence in hiring, supervising, and retaining Rodriguez relevant to the common law claim is independent of Rodriguez's harassment against Plaintiff. Plaintiff goes on to say that the second claim concerns the Defendant's discriminatory response to the Plaintiff's reporting of the harassment as opposed to the "independent reassigning of a known sexual harasser" based on previous harassing conduct that makes the common law claim not entwined with the harassment committed against Plaintiff. ECF No. 13 at 12. But the amended complaint belies Plaintiff's argument because the third claim is grounded in Defendant's decision to keep Rodriguez at the store after sexually harassing Plaintiff—which also serves as grounds for the Chapter 21 claim. The difference is that this same action allegedly violates Chapter 21 as a form of retaliation and simultaneously allegedly constitutes negligence. Both claims are entwined with the harassment because the harassment is also what makes it problematic to keep Rodriguez at Plaintiff's store—a relevant fact for both claims. The

4

reassignment of Rodriguez cannot be separated from the harassment alleged. So the common law claim is preempted by the Chapter 21 claim alleged.

## CONCLUSION

Thus, Defendant's Motion to Dismiss is **DENIED IN PART AND GRANTED IN PART**. ECF No. 10.

**SO ORDERED** on this **9th day of January 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE